**REGER RIZZO & DARNALL LLP**
By: Brandon G. Johnson, Esquire
PA ID No.: 65577
Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 495-6500
bjohnson@regerlaw.com
Attorneys for Plaintiff R&R Transport & Logistics, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| R&R TRANSPORT & LOGISTICS, INC.<br><br>Plaintiff,<br><br>v.<br><br>XELA EXPRESS, INC., and OLEKSANDRA VASYLOVA<br><br>Defendants. | **CIVIL ACTION**<br><br>**NO.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff R&R Transport & Logistics, Inc, by and through its attorneys, Reger Rizzo & Darnall, LLP, by way of Complaint against Defendants Xela Express. Inc., and Oleksandra Vasylova, says:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff R&R Transport & Logistics, Inc. ("R&R"), is a Pennsylvania Company with a principal place of business at 350 East Butler Avenue, Suite 107, New Britain, Bucks County, Pennsylvania, 18901.

2. Defendant Xela Express, Inc., ("Xela") is an Illinois Company with a principal place of business at 231 W. Circle Drive, New Lenox, Illinois, 60451.

3. Defendant Oleksandra Vasylova ("Vasylova") is an adult individual and the President, Secretary and Director of Defendant Xela, with a last known address of 2257 N. Wayne Avenue, Chicago, Illinois, 60614.

4. At all times relevant hereto, Defendant Xela acted by and through its principal Vasylova, as well as through the acts and omissions of its principals, employees, agents, contractors, and assigns.

5. On information and belief, at all times relevant hereto, Defendant Vasylova directed the wrongful acts of Defendant Xela and had full knowledge and awareness of Xela's wrongful acts.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, inasmuch as the Plaintiff and all Defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000, being no less than $228,564.02.

7. This Court has personal jurisdiction over the Defendants inasmuch as the Defendants have purposefully directed their activities to this jurisdiction as their contacts with Plaintiff in this forum were instrumental in the formation of the contract; the claims arise out of and relate to Defendants' activities of doing business in this jurisdiction; and exercising personal jurisdiction does not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391, inasmuch as the contract between the parties which is the subject of this action was negotiated in whole or in part at Plaintiff's place of business in New Britain, Bucks County, Pennsylvania.

## FACTS

9. Plaintiff R&R is a freight broker in the business of arranging for commercial goods transportation.

10. Sometime prior to January 2025, Plaintiff contracted with its client to provide arrangements for the transportation of cans and lids from its client's facility in Rosedale, Maryland to the recipient's facility in Portland, Oregon.

11. The cans and lids manufactured by Plaintiff's client were to be used for food products intended for human consumption manufactured by the recipient.

12. Subsequently, Plaintiff contracted with Defendants to ship the cans and lids from Rosedale, Maryland to Portland, Oregon.

13. Pursuant to federal regulations and industry best practices, cans to be used as food containers must be transported in compliance with strict safety protocols.

14. The protocols for the transportation of food containers include packaging the containers in such a manner as to prevent contamination from the environment and placing a seal on the packaging to ensure that the packaging has not been compromised during shipment.

15. Further, it is required that a record of the chain of custody of the goods be meticulously maintained so that any issues as to the integrity of the goods can be investigated and the source of any contamination be determined as quickly and efficiently as possible.

16. The shipments at issue include:

a. January 7, 2025, BOL #29811, R&R Load # 73863, shipped from Rosedale, Maryland to Portland, Oregon;

b. January 9, 2025, BOL #29857, R&R Load #73896, shipped from Rosedale, Maryland to Portland, Oregon;

c. January 13, 2025, BOL #29875, R&R Load #73908, shipped from Rosedale, Maryland to Portland, Oregon;

d. January 14, 2025, BOL #29925, R&R Load #73937, shipped from Rosedale, Maryland to Portland, Oregon;

e. February 4, 2025, BOL #30188, R&R Load #74095, shipped from Rosedale, Maryland to Portland, Oregon;

f. February 5, 2025, BOL #30202, R&R Load #74108, shipped from Rosedale, Maryland to Portland, Oregon;

g. February 6, 2025, BOL #30219, R&R Load #74129, shipped from Rosedale, Maryland to Portland, Oregon;

h. February 6, 2025, BOL #30214, R&R Load #74128, shipped from Rosedale, Maryland to Portland, Oregon;

i. February 10, 2025, BOL #30249, R&R Load #74158, shipped from Rosedale, Maryland to Portland, Oregon;

17. On information and belief, Defendants transported the aforesaid shipments by truck from Rosedale, Maryland to a facility in Chicago, Illinois, while purposefully concealing this fact from Plaintiff.

18. On information and belief, Defendants had the trailers trucked to a facility in Chicago where the mode of transport would be changed to rail, while purposefully concealing this fact from Plaintiff.

19. On information and belief, Defendants' covert operation to transport the shipments by rail resulted in the packaging being compromised and the seals which ensured the integrity of the shipments to be broken.

20. On information and belief, Defendants had fraudulent seals affixed to the trailers designed to appear as the original seals with the same numbers, in order to conceal the fact the original seals had been broken.

21. On information and belief, Defendants' covert operation to transport the goods by rail to Oregon was simply to increase their profits, all the while knowing that the integrity of the shipments was being compromised.

22. Defendants' knowledge that their undisclosed scheme was wrongful is evident by the fact that fraudulent seals were created to deceive Plaintiff into believing that no compromise of the shipments had occurred.

23. On information and belief, the trailers were transported to Portland, Oregon via rail.

24. At no time did Defendants inform Plaintiff that the mode of transportation was changed enroute.

25. Many of the shipments were rejected by the recipient due to compromised seals on the containers and compromise of the integrity of the packaging.

26. The recipient began an investigation which included an investigator placing a seal on a loaded trailer in Rosedale, Maryland.

27. The same investigator met the shipment in Portland, Oregon.

28. The investigator discovered foreign matter, such as shoe prints, animal prints, and suspected animal excrement, in the trailer which should have been continuously sealed and uncompromised during transport.

29. The investigator discovered that the seal on the trailer had been replaced with a similar seal forged to appear as the original.

30. When confronted with the results of the investigation, Defendants admitted to transloading the trailers for intermodal transport, resulting in the compromise of the trailers and the tampering with the seals.

31. As a result of the deception perpetrated by Defendants, the recipient determined that many of the loads were unsuitable for use.

32. Subsequently, the recipient placed a hold on all cans and lids that had been transported by Defendants.

33. Solely as a result of the wrongful acts of Defendants, the rejected cans and lids were rendered worthless.

34. Solely as a result of the wrongful acts of Defendants, Plaintiff's cu has claimed Plaintiff owes them damages in an amount no less than $228,564.02.

## FIRST COUNT
## BREACH OF CONTRACT

35. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

36. Defendants' wrongful acts and omissions constitute a breach of contract under the applicable law.

37. Defendants breached the implied covenant of good faith and fair dealing.

38. Plaintiff was and continues to be damaged by Defendants' breach of contract.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

**SECOND COUNT**
**CONVERSION**

39. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

40. Defendants, by and through their acts and omissions in the mishandling and misdirection of the goods entrusted to their possession, committed acts of conversion.

41. Defendants' acts and omissions constituting conversion have proximately resulted in Plaintiff suffering damages.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

**THIRD COUNT**
**UNJUST ENRICHMENT**

42. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

43. Defendants, by and through their acts and omissions, and those of their principals, employees, agents, contractors, and assigns, were unjustly enriched at the expense of Plaintiff.

44. Defendants' acts and omissions constitute unjust enrichment which has proximately resulted in Plaintiff suffering damages.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

**FOURTH COUNT**
**FRAUD**

45. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

46. Defendants made representations to induce Plaintiff to enter into a contract with Defendant Xela to arrange for the transportation of cans and lids from Plaintiff's client's facility to the recipient's facility, to be used for food products.

47. Defendants knew that the transported goods were subject to federal regulations requiring transportation in a specific manner to minimize the possibility of adulteration or contamination of the goods.

48. Defendants knew at the time the representations were made concerning the manner in which the goods would be transported, that the representations were untrue.

49. Defendants intentionally caused fraudulent seals to be placed on shipping trailers to purposefully deceive Plaintiff.

50. Defendants intended for Plaintiff to rely on the fraudulently misrepresented seals in order to perpetuate their scheme to increase their profits, with reckless disregard for the safety of those who would consume the food products.

51. Plaintiff was fraudulently induced to enter into a contract with Defendant Xela.

52. As a result of Defendants' fraudulent acts and omissions, Plaintiff was caused to suffer damages.

53. Defendants' acts and omissions constitute common law fraud.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

**FIFTH COUNT**
**NEGLIGENCE**

54. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

55. Defendants owed a duty of care to Plaintiff to maintain sanitary shipping standards as required by federal regulations and the best practices of the industry.

56. Defendants owed a duty of care to Plaintiff to deliver the goods in the agreed upon manner.

57. Defendants were negligent, careless, and/or reckless in allowing, creating, and/or permitting a dangerous and/or hazardous condition to exist by allowing the goods to become exposed to the environment and contaminated with foreign material.

58. Defendants were negligent, careless, and/or reckless in allowing, creating, and/or permitting a dangerous and/or hazardous condition to exist by deviating from the agreed upon shipping method without notice.

59. As a direct and proximate result of the aforementioned negligence and carelessness of the Defendants, Plaintiff has suffered and will continue to suffer monetary damages.

60. As a direct and proximate result of the aforementioned negligence and carelessness of the Defendants, Plaintiff has been demanded to pay $228,564.02 in damages to its client.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

**SIXTH COUNT**
**NEGLIGENT MISREPRESENTATION**

61. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

62. Defendants negligently misrepresented material facts set forth above regarding their ability to perform under the contract.

63. Defendants intended for Plaintiff to rely on their negligently misrepresented facts regarding their ability to perform under the contract.

64. Plaintiff justifiably relied on the truth of the misrepresentations and was caused to suffer damages as a result of Defendants' misrepresentations.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

**SEVENTH COUNT**
**INTENTIONAL MISREPRESENTATION**

65. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

66. Defendants knowingly and intentionally misrepresented material facts regarding their ability to perform under the contract.

67. Defendants knowingly, falsely and recklessly misrepresented that they would be able to perform under the contract and deliver the goods as promised.

68. Defendants intended that Plaintiff would rely on their misrepresentations.

69. As a result of Defendants' misrepresentations, Plaintiff was caused to suffer damages.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

## EIGHTH COUNT
## BAILMENT

70. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

71. Plaintiff contracted with Defendants to ship goods from Maryland to Oregon, thereby creating Defendant Xela's legal or equitable interest and creating a bailment.

72. Defendant Xela was the custodian of the Plaintiff's possessions and had the duty of care to transport the aforementioned goods in a safe and reasonable manner.

73. Defendant Xela breached its duty as bailee and failed to keep the aforementioned goods safe and secure as required under the bailment, thereby permitting the goods to suffer damage and waste.

74. Plaintiff is entitled to recover damages for the wasted goods as Defendants failed to exercise the required degree of care under the bailment.

75. The goods entrusted to be shipped were effectively a total loss as a result of the acts and omissions of Defendants.

76. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered and will continue to suffer monetary damages.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

## NINTH COUNT
## FAILURE TO DELIVER

77. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

78. Under the terms of the contract set forth above, Defendant Xela had a duty and obligation to deliver and turn over goods free of foreign material.

79. Under the terms of the contract, Defendant Xela had a duty and obligation to deliver the trailers with the original seals affixed thereto.

80. Defendant Xela failed to deliver the goods with the original seals intact.

81. Defendant Xela failed to deliver the goods free of foreign material and contamination.

82. Defendants' failure and refusal to deliver the goods in the form required has caused and continues to cause damage to Plaintiff.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

## TENTH COUNT
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

83. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

84. At all times relevant hereto, Defendants were aware that Plaintiff was arranging for the transportation of goods manufactured by a valued client of Plaintiff.

85. At all times relevant hereto, Defendants were aware that Plaintiff had a good and valuable relationship with their client, whereby Plaintiff was entrusted to facilitate the transportation of its client's goods to a customer of Plaintiff's client.

86. At all times relevant hereto, Defendants were aware of Plaintiff's desire that the relationship with their valued client would continue into the foreseeable future.

87. At all times relevant hereto, Defendants were aware that compromising the integrity of the goods during transport risked materially harming Plaintiff's relationship with their valued client.

88. At all times relevant hereto, Defendants were aware that compromising the integrity of the goods during transport risked materially harming Plaintiff's client's relationship with their valued customer, the recipient of the goods.

89. Despite Defendants' knowledge of the risk to the relationship between Plaintiff, the manufacturer, and the recipient, Defendants willfully, wantonly, and recklessly proceeded with their scheme to change the mode of transportation of the goods while intentionally hiding this fact from Plaintiff.

90. Defendants were aware that their scheme would harm the economic advantage and benefit which Plaintiff enjoyed as a result of the valued relationship with Plaintiff's client.

91. Defendants were aware that their scheme would harm the economic advantage and benefit which Plaintiff's client, the manufacturer of the goods, enjoyed as a result of their valued relationship with their client, the recipient of the goods.

92. Defendants' wrongful acts have caused irreparable harm to the reputation and economic advantage and benefit enjoyed by Plaintiff and its client, the manufacturer of the goods.

93. As a result of Plaintiff's wrongful acts, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

## ELEVENTH COUNT
## PUNITIVE DAMAGES

94. Plaintiff hereby incorporates by reference the previous allegations of the Complaint in their entirety, as if set forth at length herein.

95. At all times relevant hereto, Defendants were aware that the shipped goods were to be used to contain products intended for human consumption.

96. At all times relevant hereto, Defendants knew that the transported goods were subject to federal regulations requiring transportation in a specific manner to minimize the possibility of adulteration or contamination of the goods.

97. At all times relevant hereto, Defendants knew that the integrity of the shipments was critical to ensure the safety and wholesomeness of the food product which the goods were intended to contain.

98. At all times relevant hereto, Defendants knew that the failure to maintain the goods sealed from the outside environment would risk the adulteration, contamination, and safety of the ultimate product which was intended to be consumed by humans.

99. Despite Defendants' knowledge of the risk of catastrophic harm which could result from the contamination of the shipped goods and with reckless disregard for the health and safety of the population at large, Defendants did purposely and intentionally compromise the integrity of the shipped goods by breaking the safety seals on the containers, thereby exposing them to contamination, including potential exposure to animal waste, in order to transport them intermodally.

100. Defendants, in order to cover up their wrongful acts, manufactured false and misleading replacement seals designed to purposefully deceive Plaintiff.

101. Defendants' intentional, reckless, and malicious acts were motivated solely by their desire for increased profits, with complete disregard for the health and safety of the persons who would ultimately consume the food products to be contained in the goods.

102. The conduct of Defendants was willful, wanton, outrageous, and done with an evil motive and reckless indifference to the rights of others, including Plaintiff.

103. Defendants' acts and omissions are actionable by an award of punitive damages under the law of the Commonwealth and federal law.

**WHEREFORE**, Plaintiff R&R Transport & Logistics, Inc., demands judgment against Defendants Xela Express. Inc., and Oleksandra Vasylova, for punitive damages, plus interest, attorney's fees, costs of suit, and for other such relief as the Court may deem just and equitable.

Respectfully submitted,

REGER RIZZO & DARNALL LLP

*Brandon G. Johnson*

BRANDON G. JOHNSON, ESQUIRE
Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 495-6500
bjohnson@regerlaw.com
Attorneys for Plaintiff R&R Transport & Logistics, Inc.